**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4208

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JULIO CESAR ESPARZA,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (CR-04-837)

Submitted: June 22, 2006                    Decided: June 26, 2006

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Seekings, LEATH, BOUCH & CRAWFORD, LLP, Charleston, South Carolina, for Appellant. Maxwell Barnes Cauthen, III, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Julio Cesar Esparza pled guilty to illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) (2000). The district court sentenced Esparza to seventy-seven months' imprisonment.[1] Esparza filed a timely notice of appeal, and his counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but requesting that we review the reasonableness of the sentence imposed by the district court. Although notified of his right to do so, Esparza did not file a pro se supplemental brief.[2]

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the sentencing range prescribed by the sentencing guidelines, which are now advisory. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, sentencing courts are required to consider the correctly calculated guideline range and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). Id.

---

[1]The district court sentenced Esparza to a concurrent eighteen-month sentence resulting from the revocation of Esparza's supervised release from a 2002 conviction for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(5)(A) (2000). Esparza did not appeal the revocation or the resulting sentence.

[2]Although Esparza challenged counsel's effectiveness in his notice of appeal, that claim is more properly raised in a motion pursuant to 28 U.S.C. § 2255 (2000).

Here, the district court correctly calculated Esparza's total offense level to be twenty-one and his criminal history category to be VI. Based on these calculations, the sentencing guidelines provided for a range of 77 to 96 months' imprisonment. See U.S. Sentencing Guidelines Manual Ch. 5, Pt. A (sentencing table). Treating the sentencing guidelines as advisory and consulting the applicable § 3553(a) factors, the district court sentenced Esparza at the bottom of this range, well below the statutory maximum penalty of twenty years' imprisonment. See 8 U.S.C. § 1326 (2000). Esparza has not rebutted the presumption that the district court's imposition of sentence was reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, __ U.S. __, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Esparza's conviction and sentence. This court requires that counsel inform Esparza, in writing, of the right to petition the Supreme Court of the United States for further review. If Esparza requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Esparza.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>